UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

TRACY KROWEL

*Debtor*

Case No. 17-40948
Chapter 13

## MOTION OF SANTO ARCURI FOR RELIEF FROM
## THE AUTOMATIC STAY AND TO DISMISS CASE

Santo Arcuri ("Arcuri") is the owner of the property located at 49 Olde Colony Drive, Shrewsbury, Massachusetts (the "Property"), in which the above-captioned Debtor, Tracy Krowel (the "Debtor") is a tenant at sufferance. A Judgment for Possession has been entered in favor of Arcuri in the Worcester Housing Court (Docket No. 16H85SP004292), which the Debtor has appealed (the "Judgment for Possession"). The Housing Court has set a bond of $50,000 and required periodic payments of $4,000 per month, pursuant to M.G.L. c.239, §5(c), with respect to such appeal. The Debtor has sought review of the bond by the Single Justice of the Massachusetts Appeals Court pursuant to M.G.L. c.239, §5(f), and the Single Justice has affirmed the periodic payments, and remanded the matter to the Worcester Housing Court for further findings with respect to the appeal bond, which findings were submitted by the Worcester Housing Court on May 19, 2017 (Mass. Appeals Court Docket No. 2017-J-0166). Arcuri hereby moves, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the District of Massachusetts ("MLBR"), for an order granting Arcuri relief from the automatic stay, *in rem*, in order to permit him to (i) seek the dismissal of the Debtor's appeal of the Judgment for Possession on account of the Debtor's failure to spay the appeal bond and periodic payments required under M.G.L. c.239, §5(h); (ii) complete the eviction of the Debtor

from the Property. In addition, Arcuri seeks the entry of an order dismissing this Chapter 13 bankruptcy case, which was filed in bad faith.

### Background Facts

1. This is the Debtor's sixth bankruptcy case filed during the last eight years. The first (09-44413) was dismissed because the Debtor's debts exceeded the jurisdictional limits for Chapter 13. The second (10-41945) was dismissed for failure to file bankruptcy schedules, statements, and other documents. The third (10-43004) was dismissed on a finding that the Debtor's failure to file documents in her second bankruptcy case was willful and done in an effort to hinder, delay and defraud creditors. The fourth (11-43854) (the "2011 Bankruptcy Case") was converted to a Chapter 7 case, reopened on the Debtor's motion, and was closed yesterday, on May 22, 2017. The fifth (15-41826) was dismissed for cause under 11 U.S.C. §1307(c).

2. In the 2011 Bankruptcy Case, Arcuri sought and received relief from the automatic stay to pursue a reach-and-apply action against the Debtor's interest in the Property (Docket No. 21). The Debtor then claimed that the Property was owned by 49 Olde Colony Drive Realty Trust, and that the Debtor had no interest in the Property.

3. The case was tried before the Worcester Superior Court in June 2014. On November 4, 2014, the Superior Court found that the Debtor and her husband used the 49 Olde Colony Drive Realty Trust in order to fraudulently shield the Property from the Debtor's creditors, and specifically from Arcuri.

4. On November 24, 2014, the Debtor filed a motion to reopen the 2011 Bankruptcy Case, which motion was eventually granted by order of this Court on May 7, 2015 (Docket No. 108).

5. On May 20, 2015, the Debtor filed a motion to amend the bankruptcy schedules in the 2011 Bankruptcy Case, in order to assert the homestead exemption with respect to the Property. That motion was denied by order of this Court on June 11, 2015 (Docket No. 117). The Debtor filed a Notice of Appeal with respect to that order, but voluntarily dismissed the appeal shortly before filing her fifth bankruptcy case (Docket No. 176).

6. On June 30, 2015, Arcuri filed a motion in the 2011 Bankruptcy Case seeking an order requiring the Debtor to post a surety bond with respect to her appeal; the Court granted this motion by order dated July 9, 2015, which required that the Debtor, within 14 days to either pay the sum of $52,000 into Court or to enter into a payment plan with the Town of Shrewsbury with respect to the payment of $52,000 in past-due real estate taxes; and to remain current on taxes and charges due to the Town of Shrewsbury (Docket No. 126).

7. The Debtor failed to comply with the Court's July 9, 2015 order, necessitating Arcuri to file a motion to compel compliance on July 24, 2015 (and the issuance of an Order to Show Cause by the Court on July 27, 2015) (Docket No. 135).

8. On August 12, 2015, the Debtor submitted evidence of a payment agreement with the Town of Shrewsbury with respect to past-due real estate taxes (though the agreement did not provide notice to Arcuri as required by the Court's July 9, 2015 order)(Docket No. 145). No payments were ever made under the plan, and no payments at all have been made with respect to real estate taxes since 2011.

9. On August 13, 2015, the Court found the Debtor to have violated the July 9, 2015 order, and sanctioned the Debtor in the sum of $2500.00. The Court also dissolved the stay of the sale pending appeal, subject to reimposition if the Debtor posted a bond of $52,000 prior to the sale then scheduled for September 4, 2015 (Docket No. 149). No bond was ever posted.

10. On August 19, 2015, the Debtor recorded a Declaration of Homestead with respect to the Property (Worcester Co. Registry of Deeds, Book 54179, Page 351).

11. On September 3, 2015 the Debtor commenced a new action in the Worcester Superior Court (Worc. Sup. Ct. Case No. 1585CV01426), asserting that the Arcuri was violating the Debtor's rights under the Homestead Act, and obtained, *ex parte*, a TRO preventing the sale scheduled for September 4, 2015 from proceeding. The Worcester Superior Court held a hearing on the continuance of the injunction on September 10, 2015, and on September 14, 2015 dissolved the injunction upon a finding that it had not been properly apprised of the terms of Judge Wrenn's judgment authorizing the sale of the Property by Arcuri.

12. Also on September 14, 2015, the Debtor filed an emergency motion seeking additional time to make the payment of $2500 ordered by the Court on account of the Debtor's failure to comply with the Court's July 9, 2015 orders, asserting that the Debtor does not have the financial ability to pay $2500, is an employee of the Shrewsbury Public Schools, and would not be paid in that capacity until September 24, 2015, and would be able to make the payment at that time (Docket No. 169). On September 16, 2015, the Court granted an extension of time to make the payment until September 24, 2015 (Docket No. 170).

13. Also on September 14, 2015, a Mortgage encumbering the Property was granted by Nicholas Fiorillo, Trustee of the 49 Olde Colony Drive Realty Trust (the entity found by Judge Wrenn to have been used to fraudulently shield the Debtor's assets from creditors) in favor of Nicholas Fiorillo and Frank Fiorillo, Trustees of the Fiorillo Family Revocable Trust, to secure unspecified sums. Nicholas Fiorillo is the husband of the Debtor, and was found by Judge Wrenn to have participated in the scheme to use bogus trusts in order to shield assets from creditors. (Worc. Co. Registry of Deeds Book 54289, Page 77).

14. The Debtor failed to make the $2500 payment, as ordered by this Court, on September 24, 2015. Also on September 24, 2015, the Debtor dismissed her appeal of this Court's order denying her motion to amend her schedules and statements in the 2011 Bankruptcy Case.

15. Nor did the Debtor make the $52,000 payment, as required by this Court in order to obtain a stay of the sale. Instead, the Debtor filed another new bankruptcy case— her fifth— two hours before the sale was scheduled to proceed (Chapter 13 Case No. 15-41826).

16. Arcuri filed another motion for Relief From Stay and to Dismiss Case in the 2015 Bankruptcy Case (Docket No. 12). The Court dismissed the case under 11 U.S.C. §1307(c) on October 8, 2015 (Docket No. 21). The Debtor's appeal of the order dismissing the case was dismissed on November 17, 2015 for failure to pay the filing fee (Docket No. 34).

17. On July 26, 2016, the Property was auctioned in accordance with the orders of the Worcester Superior Court, and Arcuri acquired the property after the winning bidder defaulted. Thereafter, Arcuri filed a Summary Process complaint in the Worcester Housing Court.

18. On March 15, 2017, Arcuri obtained the Judgment for Possession. After the Debtor filed a Notice of Appeal of the Judgment for Possession, the Worcester Housing Court ordered payment of an appeal bond in the sum of $50,000 and periodic payments of $4,000 per month pursuant to M.G.L. c.239, §5. The Debtor appealed the Judgment of Possession, and sought review of the appeal bond and required payments by the Single Justice of the Appeals Court, which affirmed the requirement to make monthly payments of $4,000, and sought further findings from the Worcester Housing Court with respect to the appeal bond. The Worcester Housing Court submitted those findings on May 16, 2017. The Debtor has not made any of the payments as ordered by the Worcester Housing Court and the Single Justice of the Appeals Court, and the appeal of the Judgment for Possession should accordingly be dismissed under M.G.L. c.239, §5(h).

19. At present, the Property remains at risk because of the prolonged non-payment of real estate taxes and the non-payment of interest to the holder of the senior mortgage, as described below.

### Relief Requested

20. This Court should grant Arcuri relief from the automatic stay for "cause" under section 362(d)(1) and *in rem* under section 362(d)(4)(A) of the Bankruptcy Code to (i) seek the dismissal of the Debtor's appeal of the Judgment for Possession; and (ii) complete the eviction of the Debtor from the Property pursuant to the Judgment for Possession, because the Debtor has filed this bankruptcy petition in bad faith, because the Property is not property of the bankruptcy estate, and because Arcuri is not adequately protected as the Debtor has failed to make any payments on account of the past-due real estate taxes or senior mortgage. *See In re Lane*, 108 B.R. 6, 11 (Bankr. D. Mass. 1989); *see also* 11 U.S.C. § 362(d)(4)(A).

**I.    This Court should grant Arcuri relief from the automatic stay "for cause" because the Debtor has filed this bankruptcy petition in bad faith.**

21. This Court should dismiss this bankruptcy case because the Debtor's long pattern of conduct in this case constitutes bad faith, and is therefore cause for granting relief from the automatic stay under section 362(d)(1) and *in rem* under section (d)(4)(A) of the Bankruptcy Code. *See Little Creek Dev. Co. v. Comm. Mortgage Co. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1073 (5th Cir. 1986). In *Little Creek*, the 5th Circuit held that factors indicating that a bankruptcy petition was filed in bad faith could be "cause" for granting relief from the automatic stay under 11 U.S.C. § 362(d)(1). *See id.* The court noted that the following factors (among others) indicate that a bankruptcy petition was filed in bad faith:

(i)    The debtor owns only one encumbered asset;

      (iv)    The debtor has few, if any, unsecured creditors;

      (v)    A foreclosure is in process, which the debtor has tried to prevent by defenses on the merits or by posting a bond;

      (vi)    There are sometimes allegations of wrongdoing by the debtor. *Id.*

The presence of these factors indicates that the purpose of the bankruptcy petition is to "delay or frustrate the legitimate efforts of secured creditors to enforce their rights." *Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Va. (In re Phoenix Piccadilly, Ltd)*, 849 F.2d 1393, 1394 (11th Cir. 1988). Such bad faith in filing a bankruptcy petition has been found to constitute "cause" for granting relief from the automatic stay. *See Little Creek*, 779 F.2d at 1073; *Phoenix Piccadilly, Ltd.*, 849 F.2d at 1394; *see also In re Allen*, 300 B.R. 105, 122-23 (Bankr. D. Col. 2003) (finding that bankruptcy intended to delay and frustrate secured creditor warrants grant of relief from stay); *In re Weber*, 209 B.R. 793, 801 (Bankr. D. Mass. 1997) (finding that a debtor in a bankruptcy proceeding must exercise good faith at the proceeding's commencement, during its prosecution, and at confirmation).[1]

22.    The Debtor's bankruptcy petition qualifies under nearly all of the relevant criteria identified by the *Little Creek* court. *See* 779 F.2d at 1073. The Debtor has already been found to have engaged in conduct intended to fraudulently conceal assets from her creditors, and Arcuri in particular. The Debtor asserted in the 2011 Bankruptcy case and at trial before the Worcester Superior Court, that the Debtor has no interest in the Property, in order to shield the Property from creditors. When the Superior Court found that the Property had been the subject of a scheme to conceal assets from creditors, the Debtor returned to the Bankruptcy Court in an effort to assert homestead rights in the Property, as if there had never been such a scheme. When that effort failed,

---

[1] *But see In re Victoria Ltd. P'ship*, 187 B.R. 54 (Bankr. D. Mass. 1995) (rejecting concept of requirement of good faith filing)

the Debtor sought and received further delays from this Court, but failed to comply with the Court's orders upon which such delays were conditioned. The Debtor obtained a further delay by filing a new civil action in Worcester Superior Court, but failed to apprise the judge considering the request for TRO of the terms of the judgment upon which Arcuri is acting. This Court should accordingly grant Arcuri relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code. *See id.* Furthermore, because this Bankruptcy Case is one of a series of cases filed by the Debtor in bad faith, Arcuri requests that the Court grant relief from the automatic stay *in rem* pursuant to 11 U.S.C. § 362(d)(4).

23. In addition, the Property is not property of the Debtor's bankruptcy estate, and the Court should accordingly grant relief from the automatic stay for Arcuri to recover possession of his property.

## Disclosures Required by MLBR 4001-1(b)(2)

24. Arcuri makes the following disclosures in compliance with MLBR 4001-1(b)(2):

   A. Arcuri owns Property pursuant to the purchase of such property pursuant to an order of the Worcester Superior Court, subject to the past-due real estate taxes and the interest of the holder of the mortgage on the property.

   B. The amount and priority of all claims against the Property, to Arcuri's knowledge, is as follows:

      i. **Real estate taxes due to the Town of Shrewsbury**. The Debtor has not made payments on account of real estate taxes since 2011. The property is in tax title for the years 2012, 2013, 2014, 2015, and 2016. According to the Treasurer-Collector of the Town of Shrewsbury, as of April 17, 2017, the total due for past-due real estate taxes, interest, court fees, unpaid water & sewer, and unpaid utility charges to SELCO totaled $83,382.89.

      ii. **Mortgage to Daniel J. Rourke, III**. The balance due on the mortgage on the property, held by Daniel J. Rourke, III is approximately $240,000 in principal and accrued and unpaid interest. The Debtor has not made a payment on account of the mortgage debt in approximately two years.

-8-

  C. The total debt secured by the Property is approximately $323,382.89.

  D. Arcuri estimates, upon information and belief, that the fair market value of the Property is approximately $600,000.

  E. Not applicable.

  F. Arcuri has not made an assignment of his interest in the Property.

  G. No valid or enforceable Declaration of Homestead has been recorded with respect to the Property (as found by the Worcester Superior Court).

**II. This Court should grant dismiss this Bankruptcy Case "for cause" because the Debtor has filed this bankruptcy petition in bad faith.**

  25. For the reasons outlined above, the Court should dismiss this case because it has been filed by the Debtor in bad faith. 11 U.S.C. § 1307(c). The Debtor filed this case solely to delay Arcuri from evicting the Debtor and exercising his rights, even though Arcuri sought and obtained relief from the automatic stay in a separate case. *See In re Hodurski*, 156 B.R. 353, 356 (Bankr. D. Mass. 1993)("commencement of a Chapter 13 case during the pendency of a Chapter 7 case may indicate exploitation of the bankruptcy process"). *See also In re Studio Five Clothing Stores, Inc.*, 192 B.R. 998, 1007 (Bankr. D. Ca. 1993)(All bankruptcy cases must be filed in good faith.).

  26. The Debtor is attempting now exploit the bankruptcy process to impose further delay on the enforcement of Arcuri's rights through a new automatic stay, and to evade the consequences of the Debtor's long pattern of fraud, deceit, and refusal to comply with this Court's orders. As such, this case is filed in bad faith, and should be dismissed.

WHEREFORE, Santo Arcuri respectfully requests that this Court enter an order (i) granting Arcuri relief from the automatic stay, pursuant to 11 U.S.C. §§ 632(d)(1), (d)(2), and, *in rem*, pursuant to 11 U.S.C. §362(d)(4)(A), in order to permit him to (a) seek the dismissal of the appeal of the Debtor's appeal of the Judgment for Possession pursuant to M.G.L. c.239, §5(h); and (b) complete the eviction of the Debtor from the Property; and  (ii) in the alternative, this dismiss this case because it was filed in bad faith; and (iii) granting such other and further relief as may be just and proper.

    Respectfully submitted,

    SANTO ARCURI,

    By its attorney,

    */s/ Evans J. Cater*
    Evans J. Carter, Esq. (BBO #076560)
    EVANS J. CARTER, P.C.
    Post Office Box 812
    Framingham, MA 01701
    Tel: (508) 875-1669 Fax: (508) 875-1449
    Email: ejcatty@verizon.net

Dated: May 23, 2017
    Framingham, Massachusetts

EXHIBIT A

JUDGMENT FOR POSSESSION

EXHIBIT A

THE TRIAL COURT
COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.  
No.16-SP-4292

Worcester Division

Housing Court
Department

| Santo Arcuri<br>        Plaintiff<br><br>v.<br><br>Tracy Krowel and Nicholas Fiorillo<br>        Defendants |
|---|

FINDINGS ON DEFENDANT'S MOTION TO WAIVE THE APPEAL BOND
AND ORDER FOR PERIODIC PAYMENTS

The parties appeared before this Court on the defendants' motion to waive the appeal bond as required under M.G. L. c. 239 sec 5 and 6. See *Novastar Mortgage, Inc. V. Elliot Saffran*, 2012-J-005, affirmed 12-P-564 (2013) ( analysis of c. 239 sec. 5 and 6 by Agnes, J.). [1] The defendants seek to appeal a judgment for the plaintiff for possession in this summary process action. After hearing the Court finds that:

1. The defendant are not indigent within the meaning of M.G.L.c. 261 sec. 27A. They did not submit affidavits to support the requested waiver and at the hearing, through counsel, offered no evidence of indigent status.

2. Even if the defendants met the indigent standards the defendants have failed to articulate, either in their filings or their oral argument, a non-frivolous defense to this eviction. The defendants arguments with respect to this matter have been rejected in several proceedings in numerous courts.

3. M. G. L. c . 5 allows for periodic payments to be paid during the pendency of

---

[1] This is neither a traditional landlord/tenant matter nor a post-foreclosure eviction. Rather it is the enforcement of a lien through auction after the Superior Court found that there was a fraudulent conveyance and the plaintiff was entitled to enforce his lien. Despite this finding the defendants continue to occupy a single family home worth in excess of $600,000.00.

the appeal. The Court sets those payments at $4,000.00 a month, a figure supported by this Court's knowledge of the area and market rates. These payments shall be on the first of each month beginning on May 1, 2017 and continuing through the pendency of this appeal.

4. The Bond shall be set at $50,000.00. The Court is holding $12,000.00 in escrow. The defendants may pay $38,000.00 into Court within the allotted time to satisfy this order. If they fail to do so, then the Court will revisit the plaintiff's request that the $12,000.00 be released to him.

April 5, 2017

_____
Diana H. Horan
First Justice

# COMMONWEALTH OF MASSACHUSETTS
# THE TRIAL COURT

Worcester, ss.                                    HOUSING COURT DEPARTMENT
                                                  WORCESTER DIVISION
                                                  CASE NO: 16-SP-4292

PLAINTIFF: Santo Arcuri
VS.
DEFENDANTS: Nicholas Fiorillo and Tracy Krowel

## NOTICE OF REQUIRED APPEAL BOND

The above named Defendant has filed a timely Notice of Appeal in this Summary Process matter and the Court, pursuant to M.G.L. Chapter 239, section 5, held a hearing to determine the amount of bond that must be posted by the Defendant/Tenant as a condition of this appeal.

After hearing, the Court ordered that the Defendant must post a bond with the Clerk of the Court in the following amount:

**APPEAL BOND $50,000.00 (See ruling)**

This amount is to be paid to the Clerk no later than six (6) business days from the date of this notice.

**PLEASE NOTE: THE CLERK WILL NOT ACCEPT PERSONAL CHECKS FOR THE PAYMENT OF A BOND.**

In order to perfect and pursue this appeal, the Defendant must comply with the various requirements of the Massachusetts Rules of Appellate Procedure and must also comply with any additional conditions set by the Court as described below.

Specifically, the Defendant/Tenant must pay future use and occupancy charges directly to the Plaintiff/Landlord as they come due hereafter in the following amount:

**USE AND OCCUPATION CHARGES $4,000.00 per month beginning on May 1, 2017.**

Failure to comply with all of the above may result in dismissal of the appeal and issuance of an execution.

Date of Notice : April 7, 2017

*Nickolas W. Moudios*
Nickolas W. Moudios, CLERK MAGISTRATE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re:<br><br>TRACY KROWEL<br><br>   Debtor. | Case No. 15-41826<br>Chapter 13 |
|---|---|

### Certificate of Service

I, Evans J. Carter, certify that, immediately upon receipt of the notice of electronic service, I will serve a copy of the Motion of Santo Arcuri for Relief from the Automatic Stay and/or to Dismiss Case by first class mail, postage prepaid to any of the parties on the attached service list not noted as having received electronic service on the Notice of Electronic Filing.

*/s/ Evans J. Carter*
Evans J. Carter

### Service List

Neil Kreuzer, Esq.
268 Newbury St. 4th Floor
Boston, MA 02116

U.S. Trustee's Office
446 Main Street
Fourth Floor
Worcester, Massachusetts 01608