UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re )<br>)<br>TRACY KROWEL, )<br>)<br>Debtor. )<br>) | Case No. 4:17-bk-40948-CJP<br>Chapter 13 |

### DEBTOR'S *EMERGENCY* MOTION TO CANCEL HEARING ON *MOTION OF SANTO ARCURI FOR RELIEF FROM THE AUTOMATIC STAY AND TO DISMISS CASE* (ECF #7) FOR FAILURE OF ARCURI TO COMPLY WITH MAY 24, 2017 ORDER OF COURT, AND FOR RELATED RELIEF

To the Honorable CHRISTOPHER J. PANOS, Bankruptcy Judge.

COMES NOW Debtor, Tracy Krowel (hereinafter "Krowel") through undersigned counsel, and hereby moves this Honorable Court to cancel the hearing scheduled for June 22, 2017 at 1:00 p.m. in the within captioned bankruptcy case relative to the *Motion Of Santo Arcuri For Relief From The Automatic Stay And To Dismiss Case* (ECF #7) (hereinafter the "Motion for Stay Relief"), and for related relief, for the failure of Evans J. Carter (hereinafter "Carter"), counsel for Santo Arcuri (hereinafter "Arcuri") to comply with the May 24, 2017 Order of Court which **required** that Carter serve a copy of *Notice Of Nonevidentiary Hearing* (ECF #8) **forthwith *and*** to file a certificate of service with the Court with respect to service of such notice within seven (7) days after the date of issuance, *i.e.,* by May 31, 2017. Id.

In support thereof, Krowel, through counsel, states the following:

1. On May 23, 2017, Carter, on behalf of Arcuri filed the Motion for Stay Relief. (ECF #7).

2. On May 24, 2017, the Clerk's office of the Court issued a *Notice Of Nonevidentiary Hearing* (ECF #8) (hereinafter "May 24, 2017 Order) to Carter. The aforesaid notice states in pertinent part as follows:

> **THE MOVING PARTY IS RESPONSIBLE FOR:**
> 1. Serving a copy of this notice upon all parties entitled to notice forthwith;
> 2. Filing a certificate of service with respect to this notice seven (7) days after the date of issuance set forth below. If the hearing date is less than seven (7) days from the date of issuance, the certificate of service must be filed no later than the time of the hearing. **If the movant fails to timely file a certificate of service, the court may deny the motion without a hearing**.

[Emphasis in the original.].

3. A true and accurate copy of the May 24, 2017 Order is attached hereto and incorporated incorporated herein in its entirety by reference as Exhibit "1".

4. Carter, on behalf of Arcuri, failed to comply with the May 24, 2017 Order by May 31, 2017, instead filing the same on June 15, 2017, *fifteen (15) days too late*. (ECF #18).

5. A true and accurate copy of the filing of Carter with respect to the May 31, 2017 Order is attached hereto and incorporated herein its entirety by reference as Exhibit "2".

2

6. This *IS NOT* the first time that this Court has admonished Carter. At a December 8, 2016 hearing in Krowel's husband's prior, chapter 7 bankruptcy case styled *In re Nicholas J. Fiorillo*, Chp. 7, United States Bankruptcy Court for the District of Massachusetts – *Central* Division, Case No. 4:10-bk-44179-CJP, this Court, Christopher J. Panos, J. stated the following:

> **And this isn't the only time that this creditor has not precisely followed the rules** noting by reference this action in the Krowel case where the creditor with actual notice determined to precede [sic] with an auction[1], so the court is going to deny the motion of the creditor for sanctions against the debtor and for sanctions against Mr. Ehrhard.

[Emphasis in the original.].

Transcript of December 8, 2016 Hearing, p. 6, lines 285-88.

7. A true and accurate of the relevant portion of the aforesaid Transcript of the December 8, 2016 hearing is attached hereto and incorporated herein in its entirety by reference as Exhibit "3".

WHEREFORE, Debtor, Tracy Krowel prays that this Honorable Court:

1. Enter a finding that Carter, and thus Arcuri, failed to comply with this Court's May 24, 2017 Order by timely serving a copy of the *Notice Of Nonevidentiary Hearing*, entered on May 24, 2017 (ECF #8);

2. Enter an Order denying the *Motion Of Santo Arcuri For Relief From The Automatic Stay And To Dismiss Case* (ECF #7);

---

[1] This is the very same auction of Debtor's residence that is at issue in this Chapter 13 bankruptcy case.

3. Enter an Order cancelling the 1:00 p.m., June 22, 2017 hearing upon the *Motion Of Santo Arcuri For Relief From The Automatic Stay And To Dismiss Case*;

4. Enter an Order relieving the Debtor, Tracy Krowel from having to respond to the *Motion Of Santo Arcuri For Relief From The Automatic Stay And To Dismiss Case*, and

5. For such other and further relief as this Honorable Court deems just and appropriate.

TRACY KROWEL,

By her attorney,

/s/ Neil Keuzer
Neil Kreuzer – BBO #630976
Law Office of Neil Kreuzer
268 Newbury St., 4th Floor
Boston, MA  02116-2424
Tel: 1-(617)-739-9700
Fax: 1-(617)-739-8484
Email: nkreuzer@aol.com

Date:  June 16, 2017

CERTIFICATE OF SERVICE

I, Neil Kreuzer, hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on June 16, 2017, as set forth hereinbelow if any there be.

/s/ Neil Kreuzer

EXHIBIT "1"

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:  Tracy Krowel<br>Debtor, | Chapter: 13<br>Case No: 17-40948<br>Judge Christopher J. Panos |

## NOTICE OF NONEVIDENTIARY HEARING

**PLEASE TAKE NOTICE** that a **HEARING** will be held on **6/22/17 at 01:00 PM** before the Honorable Judge Christopher J. Panos, Courtroom 3, Harold Donohue, Federal Building and Courthouse, 595 Main Street, Worcester, MA 01608 to consider the following:

[7] Motion of Creditor Santo Arcuri for Relief from the Automatic Stay (49 Olde Colony Drive, Shrewsbury, MA) and To Dismiss Case.

**OBJECTION/RESPONSE DEADLINE: JUNE 16, 2017 4:30 pm**

If no deadline is set, the objection/response deadline shall be governed by the Federal Rules of Bankruptcy Procedure (FRBP) and the Massachusetts Local Bankruptcy Rules (MLBR). If no objection/response is timely filed, the Court, in its discretion, may cancel the hearing and rule on the motion without a hearing or further notice. See MLBR 9013-1(f).

**THE MOVING PARTY IS RESPONSIBLE FOR:**

1. Serving a copy of this notice upon all parties entitled to notice forthwith; and

2. Filing a certificate of service with respect to this notice seven (7) days after the date of issuance set forth below. If the hearing date is less than seven (7) days from the date of issuance, the certificate of service must be filed no later than the time of the hearing. **If the movant fails to timely file a certificate of service, the court may deny the motion without a hearing.**

**NOTICE TO ALL PARTIES SERVED:**

1. <u>Your rights may be affected.</u> You should read this notice, the above referenced pleading and any related documents carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

2. Any request for a continuance **MUST** be made by **WRITTEN MOTION** filed and served at least one (1) business day prior to the hearing date. See MLBR 5071-1.

3. The above hearing shall be <u>nonevidentiary</u>. If, in the course of the nonevidentiary hearing, the court determines the existence of a disputed and material issue of fact, the court will schedule an evidentiary hearing. <u>If this is a hearing under section 362</u>, it will be a consolidated preliminary and final nonevidentiary hearing unless at the conclusion thereof the court schedules an evidentiary hearing.

Date: 5/24/17

By the Court,

<u>Halina Magerowski</u>
Deputy Clerk
508-770-8927

**Emergency Closings:** To find out if the Court will be closed in case of stormy weather or other emergency, dial (617) 748-5314 or (866) 419-5695 (toll free) for a recorded message.

EXHIBIT "2"

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re:

TRACY KROWEL

Debtor.

Case No. 17-40948-CJP
Chapter

**CERTIFICATE OF SERVICE**

I, Evans J. Carter, hereby certify that, on June 15, 2017, I served a true and correct copy of the *Notice of Non-Evidentiary Hearing* attached hereto as <u>Exhibit A</u> by first class mail, postage prepaid, upon each of the parties on the attached service list **not** noted as having received electronic notice on the electronic filing receipt.

　　　　　　　　　　　　　　　　　　　　*/s/ Evans J. Carter*
　　　　　　　　　　　　　　　　　　　　Evans J. Carter

Service List

Office of The U.S. Trustee
446 Main Street
Worcester, MA 01608

Tracy Krowel
49 Olde Colony Drive
Shrewsbury, MA 01545

Neil Kreuzer
268 Newbury St. 4th Floor
Boston, MA 02116

# Exhibit A

Case 17-40948    Doc 18    Filed 05/24/17    Entered 05/24/17 11:22:03    Desc Main
Notice of Nonevidentiary hearing    Page 1 of 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In Re:  Tracy Krowel
        Debtor,

Chapter: 13
Case No: 17–40948
Judge Christopher J. Panos

## NOTICE OF NONEVIDENTIARY HEARING

**PLEASE TAKE NOTICE** that a **HEARING** will be held on **6/22/17 at 01:00 PM** before the Honorable Judge Christopher J. Panos, Courtroom 3, Harold Donohue, Federal Building and Courthouse, 595 Main Street, Worcester, MA 01608 to consider the following:

[7] Motion of Creditor Santo Arcuri for Relief from the Automatic Stay (49 Olde Colony Drive, Shrewsbury, MA) and To Dismiss Case.

**OBJECTION/RESPONSE DEADLINE: JUNE 16, 2017 4:30 pm**

If no deadline is set, the objection/response deadline shall be governed by the Federal Rules of Bankruptcy Procedure (FRBP) and the Massachusetts Local Bankruptcy Rules (MLBR). If no objection/response is timely filed, the Court, in its discretion, may cancel the hearing and rule on the motion without a hearing or further notice. See MLBR 9013–1(f).

**THE MOVING PARTY IS RESPONSIBLE FOR:**

1. Serving a copy of this notice upon all parties entitled to notice forthwith; and

2. Filing a certificate of service with respect to this notice seven (7) days after the date of issuance set forth below. If the hearing date is less than seven (7) days from the date of issuance, the certificate of service must be filed no later than the time of the hearing. **If the movant fails to timely file a certificate of service, the court may deny the motion without a hearing.**

**NOTICE TO ALL PARTIES SERVED:**

1. <u>Your rights may be affected.</u> You should read this notice, the above referenced pleading and any related documents carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

2. Any request for a continuance **MUST** be made by **WRITTEN MOTION** filed and served at least one (1) business day prior to the hearing date. See MLBR 5071–1.

3. The above hearing shall be <u>nonevidentiary</u>. If, in the course of the nonevidentiary hearing, the court determines the existence of a disputed and material issue of fact, the court will schedule an evidentiary hearing. <u>If this is a hearing under section 362</u>, it will be a consolidated preliminary and final nonevidentiary hearing unless at the conclusion thereof the court schedules an evidentiary hearing.

Date: 5/24/17

By the Court,

<u>Halina Magerowski</u>
Deputy Clerk
508-770-8927

**Emergency Closings:** To find out if the Court will be closed in case of stormy weather or other emergency, dial (617) 748–5314 or (866) 419–5695 (toll free) for a recorded message.

EXHIBIT "3"

246  because of advocacy, and rule 9011 in 17 years I've never even seen a Motion like this against
247  me. But in this case, Mr. Fiorillo has independent rights to a homestead and as a resident of that
248  house and if you see the make a ruling on the status of Mr. Fiorillo's status on that house ……
249  ...........................................................................................................................................
250  ...........................................................................................................................................
251  *[Per my instructions, this section of the tape was listened to but not transcribed, per instructions,*
252  *as same was expressed to me as "irrelevant" and time did not allow transcribing same. The*
253  *remainder of the tape was related to Mr. Fiorillo's bankruptcy.]*
254
255  **CONCLUSION:**
256  **Judge:** "I've considered all of the submissions by the parties. I have reread the original Motion
257  to Affirm and Enforce. I've reviewed the response. I've reviewed the opposition to the first
258  request for sanctions which was not the procedure 9011. I've reviewed. I've listened carefully
259  to counsel today and I've gone back and reviewed a number of pleadings including schedules.
260
261  Under Rule 9011C, The court may sanction an Atty who files a paper pleading which contains
262  frivolous purpose. In deciding whether actions of an Atty warrant sanctions.
263  The court is mindful of the purpose sanctions may serve
264  The harm sanctions may cause.
265
266  Judge Feeney sometime probably in the last year in the last year that
267  That sanctions for violating 9011C1A may be initiated against
268  Or by the court suisponte under 9011C1B preclude or request sanctions
269  Unless the other party
270  The so called safe harbor provisions of 9011 require a party seeking sanctions under the rule
271  serve a separate on the attorney
272  Who is the target of the attorney 21 days before it's acted upon the court. That is to give the
273  other attorney the opportunity to withdraw the offensive pleasing. Safe harbor must be strictly
274  enforced and that including circumstances where a motion has been ordered
275
276  Schafer Salt 53290 Brickward Contractors 369F3rd 385.
277  Although this court agrees that courts should deline to draw a bright line or if it's been
278  withdrawn and that technical compliance can be excused in certain instances see Cardillo 402
279  The present case does not present circumstances for
280  The motion itself was withdrawn at the hearing on the Motion that was approximately 23 days
281  after a request for sanctions was served, not properly as a separate motion but a part of the
282  motion.
283  It's significant to the court that creditors preceded prematurely and in a procedurally improper
284  fashion when the seeked sanctions.
285  **And this isn't the only time that this creditor has not precisely followed the rules noting by**
286  **reference the action in the Krowel case where the creditor** with actual notice determined to
287  precede with an auction, so the court is going to deny the motion of the creditor for sanctions
288  against the debtor and for sanctions against Mr. Ehrhard. However the court does have the
289  ability on its own initiative to consider sanctions. While the court finds that it would be not
290  appropriate to excuse
291  The court finds that on this record and on its own initiative of its own record that it is appropriate
292  to show cause as to why the debtor and Mr. Ehrhard should not be sanctioned for filing the
293  motion for, to affirm and enforce the homestead claim by the debtor. Mr. Ehrhard has indicated
294  today that his position is that because of the shifting of ownership as determined in various

I, Deborah White, do hereby certify that the foregoing is a true and accurate transcript, prepared to the best of my ability, of the designated portions of the cassette provided to me by of a hearing of the Worcester Division of the U. S. Bankruptcy Court, Case #10-44179 – Motion of the Creditor Santo Arcuri Under Bankruptcy Rule 9011 for Monetary Sanctions, December 8, 2016.

December 26, 2016

*Deborah White*

Deborah White
Legal Transcriptionist.